UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YOR
-----------------------------------------------------------X

VANESSA VELEZ,                                          Case No.

               Plaintiff,

                                          **COMPLAINT**

        -against-                                     ***PLAINTIFF DEMANDS***

MOUNT SINAI HEALTH SYSTEM                 ***A TRIAL BY JURY***

and MOUNT SINAI BETH ISRAEL

               Defendants,

-----------------------------------------------------------X

      Plaintiff VANESSA VELEZ, by her attorneys THE LAW OFFICES OF ROBERT M.

FOX, hereby complains of the Defendant, upon information and belief, as follows:


## NATURE OF THIS CASE

1. Plaintiff complains pursuant to The Americans with Disabilities Act of 1990, 42 U.S.C. §

   12101, et seq. ("ADA"), the New York State Human Rights Law, New York State

   Executive Law § 296, et seq. ("NYSHRL"), the New York City Human Rights Law, New

   York City Administrative Code § 8-107(1), et seq. ("NYCHRL"),and the Family and

   Medical Leave Act, 29 U.S.C., 2601 et seq (FMLA)  and seeks damages to redress the

   injuries Plaintiff has suffered as a result of being discriminated, retaliated against and

   wrongfully terminated by Defendant solely due to her disabilities and /or perceived

   disabilities.


## JUSRISDICTION AND VENUE

2. Jurisdiction in this Court is proper under 42 U.S.C. § 12101, et seq., and 28 U.S.C. §§

   1331 and 1343.

3. The Court has supplemental jurisdiction over the claims Plaintiff brings under state and city laws pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this district in that a substantial part of the events or omissions giving rise to the claim occurred within the Southern District of the State of New York. 28 U.S.C. § 1391(b).

## PROCEDURAL PREREQUISITES

5. Plaintiff filed a Charge of Discrimination upon which this Complaint is based with the Equal Employment Opportunity Commission ("EEOC").

6. Plaintiff received a Notice of Right to Sue from the EEOC, dated November 15, 2022, concerning the herein charges of discrimination. A copy of the Notice is annexed hereto.

7. This action is being commenced within 90 days of receipt of said Notice of Right to Sue.

## PARTIES

8. At all times relevant hereto, Plaintiff VANESSA VELEZ (hereinafter, "Plaintiff") is a resident of the State of New York and was a "person" and an "employee" entitled to protection as defined by the ADA, the NYSHRL, and NYCHRL.

9. At all times relevant hereto, Defendant MOUNT SINAI HEALTH SYSTEM, (hereinafter, "MSHS" or "Mount Sinai")), is a hospital duly existing pursuant to, and by virtue of the laws of the State of New York, with its principal executive office located at 1111 Amsterdam Avenue, New York, New York 10025.

10. At all times relevant hereto, Defendant MOUNT SINAI BETH ISRAEL, (hereinafter, "MSHS" or "Mount Sinai")), is a hospital duly existing pursuant to, and by virtue of the laws of the State of New York, with its principal executive office located at 281 First Avenue, New York, New York.

11. On information and belief, Mount Sinai Beth Israel is an entity within the Mount Sinai Health System. Where "Defendant" is used within, it refers to both entities.

12. Plaintiff worked at Mt Sinai Beth Israel Medical Center Petrie, located at 160 Water Street, New York, New York.

13. On information and belief, Mt Sinai has approximately 42,000 employees.

14. Defendant MSHS and its staff, repeatedly discriminated and retaliated against Plaintiff.

15. At all times relevant hereto, Plaintiff was an employee of Defendant MSHS.

16. At all times relevant, Plaintiff worked at Defendant MSHS at Mt Sinai Beth Israel Medical Center Petrie, located at 160 Water Street 22nd floor, New York, New York.

17. Plaintiff began working for Mount Sinai as a patient access representative in November, 2017. Her duties included verifying surgery insurance information. At all relevant times, she performed her duties satisfactorily. She always received satisfactory ratings on her work performance.

18. In 2021, Plaintiff's salary was approximately $40,000 annually.

19. On or about March, 2019, Plaintiff's son broke his clavicle and was bedridden for several months.  As a result of him being bedridden and Velez's role and caretaker, she took paid family leave from about March 11, 2019 until April 15, 2019.

20.  After Velez returned to work in or about April, 2019, she began to be subjected to a hostile work environment. Her supervisors Sandra Lugo and Maritza Cruz refused to update her or speak directly with her about her work but left "post its" criticizing her performance.

21. Other employees who had not taken paid medical leave were not subjected to this treatment. On information and belief, this was because plaintiff's supervisors retaliated against her for taking authorized leave.

22. Plaintiff contacted Chris Berner, Vice President of Human Resources who likewise refused to help or provide a reasonable accommodation.

23. Plaintiff is a severe asthmatic, a fact of which her supervisors were well-aware. Her asthma symptoms worsened due to stress and she was on intermittent leave between October 15, 2019 and April 14, 2020.

24. Plaintiff's son fractured his knee in February, 2020. Plaintiff took paid family leave between February 26, 2020 and May 19, 2020 pursuant to the New York Paid Family Act. Because of COVID restrictions on surgeries and medical care, he was unable to receive proper care and treatment so Velez provided the care.

25. Because of her asthma, Plaintiff was forced to go out again on disability between August, 2020 and November 9, 2020.

26. In February, 2021, Plaintiff and her son became ill with Covid. They tested positive on February 10, 2021. They are both severely asthmatic and were extremely ill. Plaintiff was forced to take Covid disability from February 10, 2021 until March 15, 2021.

27. Plaintiff is severely asthmatic and nearly died from Covid. She was unable to report to work during that time period and indeed would not lawfully have been allowed to attend the workplace. Her supervisors were well-aware that she had COVID.

28. The hostile environment to which Plaintiff was subjected caused her additional stress and her asthmatic condition worsened. On or about June, 2021, on the advice of her doctor, Plaintiff applied for medical leave. She took all required steps by both Mount Sinai and

1199 (her Union) and arranged for her medical information to be sent to both Mt Sinai as well as 1199.

29. Plaintiff suffers from a disability that is actual or perceived under all relevant statutes.

30. Plaintiff notified both Mount Sinai and 1199 that she was applying for medical leave.

31. Plaintiff's approved disability began on June 14, 2021 and was scheduled to continue until December 17, 2021.

32. By email dated July 15, 2021, Plaintiff was notified by her supervisor Sandra Lugo by email of her pending disability number.

33. Plaintiff had also submitted documentation to 1199, through her case worker Tanisha Brown (Disability Unit).

34. By letter dated July 30, 2021, in a Notice of Termination, Mt Sinai claimed that they were not notified of Plaintiff's disability and that she was "AWOL" without authorization.

35. Despite the fact that Plaintiff informed Mt Sinai that her disability had been approved, they ignored this information and refused to reinstate her.

36. Mt Sinai's claim that Velez was AWOL was blatantly untrue as they were aware that she had applied for medical leave. On information and belief, this was retaliation for her having taken medical leaves pursuant to FMLA and New York State Paid Family Leave Act on this occasion and previously.

37. Mount Sinai discriminated against Plaintiff based upon her disability (asthma which had been aggravated by COVID and stress caused by Mount Sinai).

38. Mt Sinai was well aware of that plaintiff's disability had been approved. To date, Mount Sinai has not reinstated Plaintiff or offered to do so.  These actions are retaliation for prior disability leaves and discrimination against her on the basis of a disability.

39. Plaintiff's disability (asthma) is a disability covered by the ADA. At all times, she was able to perform her job with reasonable accommodations.

40. Although Plaintiff asked for an accommodation, Mount Sinai failed to provide such accommodation, even denying her medical leave deemed necessary by her physician.

41.  Other similarly situated employees who had not taken leave under FMLA were not subjected to the same retaliatory treatment and hostile environment.

42.  Moreover My Sinai subjected Plaintiff to a hostile environment in retaliation for her having taken authorized leave under the New York Paid Family Leave Act and FMLA.

43. She was not given training, denied assistance, her seat was changed repeatedly and she was not communicated with at all except constantly criticized. This behavior from Mt Sinai employees was a hostile environment which caused Plaintiff anxiety attacks and exacerbated her asthma.

44. Plaintiff continues to seek and receive medical treatment for her asthma and suffers from anxiety.

45. She has also been subjected to consequences such as less than ideal medical treatment because she lost her health insurance, and her doctor does not take Medicaid.

46. Because of the discrimination she suffered, plaintiff has been unemployed since July, 2021. Her disability payments ended November 6, 2021.

47.  She has lost salary as well as benefits.

48. Mount Sinai also failed to pay Plaintiff approximately $1500.00 for accrued personal time although they represented that they would do so.

49.  This is a continuing harm. As a result of her termination, Plaintiff has lost her health coverage and had to pay out of pocket for her asthma pump. She also suffered psychological trauma which her worsened her physical symptoms.

50.  Based on the foregoing, Mt Sinai discriminated against Playoff based upon her disability in violation of the Americans with Disability Act, New York State Human Rights Law, FMLA New York Paid Family Leave Act and the New York City Commission on Human Rights

51. Plaintiff believes her termination was not only a result of being discriminated against because of her disability, but it was also retaliatory action taken against her for taking FMLA leave and protesting when they denied receiving proper paperwork for such leave..

52. Defendant MSHS and its staff, each collectively and individually, condoned, ratified, and supported the discriminatory work environment against Plaintiff.

53. Defendant MSHS had no legitimate business reason for terminating Plaintiff's employment.

54. Defendant MSHS termination of Plaintiff's employment was retaliatory.

55. Defendant MSHS'S human resources department made no effort to help or provide reasonable accommodation to Plaintiff when she requested it.

56. As such, Plaintiff had no one else who could investigate the discrimination she was subjected to.

57. As a direct result of the wrongful and oppressive actions of Defendant MSHS'S and its staff, Plaintiff was subjected to unlawful discrimination, humiliated and she experienced a hostile work environment causing her extreme anxiety which worsened her asthma.

58. .As a result of the Defendant Mount Sinai's actions, Plaintiff was unlawfully treated, humiliated, degraded, victimized, embarrassed, and emotionally distressed.

59. As a result of the acts and conduct complained of herein, Plaintiff has suffered a loss of income, the loss of a salary/pay, special damages, loss of employment, loss of employment opportunities, loss to benefits and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

60. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer emotional pain, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

61. Defendant MSHS'S conduct was malicious, willful, outrageous, and conducted with full knowledge of the law. As such, Plaintiff demands Punitive Damages as against Defendant.

## AS A *FIRST* CAUSE OF ACTION FOR DISCRIMINATION UNDER THE AMERICAN WITH DISABILITIES ACT

62. Plaintiff repeats and alleges each and every allegation made in the above paragraphs of this Complaint.

63. Plaintiff asserts that Defendant violated the Americans with Disabilities Act of 1990 (Pub. L. 101-336), as amended.

64. The ADA prohibits discrimination against any qualified individual on the basis of disability, the perception that he is disabled, or a record of impairment.

65. Additionally, the ADA requires a covered entity to make reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability.

66. As described above, Defendant and its staff discriminated against Plaintiff in violation of the ADA by failing to accommodate her disabilities.

67. Plaintiff had, and /or Defendant perceived that she had a physical impairment that substantially limits one or more of her major life activities.

68. As a result of Defendant's unlawful discriminatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, worsened anxiety, humiliation, embarrassment, stress, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

69. As such, Plaintiff has been damaged as set forth herein and is entitled to the maximum award of damages under the law.

## AS A *SECOND* CAUSE OF ACTION FOR RETALIATION UNDER THE AMERICANS WITH DISABILITIES ACT

70. Plaintiff repeats and alleges each and every allegation made in the above paragraphs of this Complaint.

71. The ADA prohibits retaliation, interference, coercion, or intimidation.

72. 42 U.S.C. § 12203 provides:

      i.    Retaliation. No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this

chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter.

    ii.    Interference, coercion, or intimidation. It shall be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by this chapter.

73. Defendant engaged in an unlawful discriminatory practice by retaliating against Plaintiff because of her disability and for engaging in protected activity by requesting a reasonable accommodation.

74. Defendant knew or should have known of their obligations to accommodate Plaintiff under the ADA.

75. But for Plaintiff's disabilities and multiple requests for reasonable accommodations, Defendant would not have terminated her employment.

76. Defendant had no good-faith business justification to terminate Plaintiff.

77. As a result of the acts and conduct complained of herein, Plaintiff has suffered a loss of income, the loss of a salary, loss of bonuses, loss of benefits, loss of employment and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, special damages, emotional pain, suffering, inconvenience, loss of enjoyment of life and other non-pecuniary losses, Plaintiff has further experienced severe emotional and physical distress.

78. As such, Plaintiff is entitled to the maximum amount allowed under this law.

### AS A *THIRD* CAUSE OF ACTION FOR DISCRIMINATION
### <u>UNDER NEW YORK STATE EXECUTIVE LAW</u>

79. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

80. <u>New York State Executive Law</u> § 296 provides that, "1. It shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, *disability*, predisposing genetic characteristics, marital status, or domestic violence victim status, … to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

81. Plaintiff was subjected to discrimination that was solely on the basis of her disabilities.

82. As a result of the acts and conduct complained herein, Plaintiff has suffered, and will continue to suffer emotional distress, special damages, inconvenience, loss of increase in income, benefits and other compensation which such employment entails, loss of enjoyment of life, depression, anxiety, fear, anger, emotional pain and suffering, and other non-pecuniary losses.

### AS A *FOURTH* CAUSE OF ACTION FOR RETALIATION
### <u>UNDER THE NEW YORK STATE LAW</u>

83. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint as it more fully set forth herein at length.

84. Executive Law § 296 provides that "7. It shall be an unlawful discriminatory practice for any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he or she has filed a complaint, testified, or assisted in any proceeding under this article."

85. Defendant engaged in an unlawful discriminatory practice by discriminating against

Plaintiff because of her opposition to the unlawful employment practices of the

Defendant.

## AS A *FIFTH* CAUSE OF ACTION FOR DISCRIMINATION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

86. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above

paragraphs of this Complaint as if more fully set forth herein at length.

87. The Administrative Code of City of NY § 8-107 [1] provide that,

> It shall be an unlawful discriminatory practice: (a) For an employer
> or an employee or an employee agent thereof, because of the actual
> or perceived age, race, creed, color, national origin, gender,
> **disability**, marital status, sexual orientation or alienage or
> citizenship status of any person, to refuse to hire or employ or to
> bar or to discharge from employments such person or to
> discriminate against such person in compensation or in terms,
> conditions or privileges of employment.

88. Defendant engaged in an unlawful discriminatory practice in violation of New York City

Administrative Code Title 8, §8-107(1)(a) by creating and maintaining discriminatory

working conditions, and otherwise discriminatory against Plaintiff because of her

disabilities.

## AS A *SIXTH* CAUSE OF ACTION FOR RETALIATION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

89. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above

paragraphs of this Complaint as if more fully set forth herein at length.

90. The New York City Administrative Code §8-107(7) provides that it shall be unlawful

discriminatory practice: "For an employer … to discharge … or otherwise discriminate

against any person because such person **has opposed any practices** forbidden under this chapter…"

91. Defendant violated the section cited herein as set forth.

## AS A *SEVENTH* CAUSE OF ACTION FOR RETALIATION
### The New York City Human Rights Law § 8-107

92. Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

93. Defendant violated the section cited herein as set forth.

94. During her employment for Defendant, Plaintiff had a disability under the NYCHRL.

95.  Defendant retaliated against Plaintiff based upon her disability.

96. Defendant's conduct was willful and in violation of the New York City Human Rights Law § 8-107.

## AS AN *EIGHTH* CAUSE OF ACTION FOR A VIOLATION OF
### The Family and Medical Leave Act, 29 U.S.C. § 2615
### (FMLA INTERFERENCE)

97. Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein

98. Upon information and belief, Plaintiff was eligible for FMLA leave as she worked one thousand two hundred and fifty (1,250) or more hours within the twelve (12) month period immediately preceding her requests for FMLA leave.

99.  Plaintiff requested and was granted leave pursuant to FMLA.

100. Nonetheless Defendant terminated Plaintiff's employment as retaliation for taking such leave, falsely claiming she was "AWOL" when they were aware that she had been granted such leave.

101. Defendant's conduct was willful and in violation of the Family Medical Leave Act, 29

U.S.C. § 2615.

## AS A *NINTH* CLAUSE OF ACTION FOR A VIOLATION OF
### The Family and Medical Leave Act, 29 U.S.C. § 2615
### (FMLA Retaliation)

101. Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if

fully set forth herein.

103. in June, 2021, Plaintiff infirmed Defendant of her request to take leave under the

FMLA.

104. Plaintiff's approved disability began on June 14, 2021 and was scheduled to continue

until December 17, 2021.

105. By email dated July 15, 2021, Plaintiff was notified by her supervisor Sandra Lugo by

email of her pending disability number.

106. Although such leave was approved, Defendant terminated Plaintiff, claiming that she

was "AWOL".

107. On information and belief this reason for termination was fabricated and was retaliation

for Plaintiff haven taken such leave.

108. Defendant's conduct was willful and in violation of the Family Medical Leave Act, 29

U.S.C. § 2615.


## PUNITIVE DAMAGES

109. Plaintiff is entitled to the maximum amount allowed under this statute/law.

110. Defendant's conduct was malicious, willful, outrageous, and conducted with full

knowledge of the law.

111. As such, punitive damages are appropriate as a result of Defendant's above-described conduct and Plaintiff demands Punitive Damages as against the Defendant.

## <u>JURY DEMAND</u>

Plaintiff hereby demands a jury trial.

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendant:

A. Declaring that Defendant engaged in unlawful employment practices prohibited by the <u>Americans with Disabilities Act</u>, the <u>New York State Human Rights Law</u>, the FMLA, and the <u>New York City Human Rights Law</u>, in that Defendant discriminated against Plaintiff on the basis of her disability, perceived disability and need for reasonable accommodation;

B. Awarding damages to Plaintiff resulting from Defendant's unlawful practices, and to otherwise make her whole of any losses suffered as a result of such unlawful employment practices;

C. Awarding Plaintiff compensatory damages related to injuries suffered as per Plaintiff's State-law and City-law claims;

D. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to her reputation in an amount to be proven;

E. Awarding Plaintiff punitive damages;

F. Awarding Plaintiff attorneys' fees, costs, disbursements, and expenses incurred in the prosecution of the action; and

G. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendant's unlawful employment practices.

Dated:  February 10, 2023
New York, New York

Respectfully submitted,
**THE LAW OFFICES OF ROBERT M. FOX**
Attorney for the Debtor

BY:     /s/ *Susan Adler*
          Susan Adler, Esq.
          The Law Offices of Robert M. Fox
          630 Third Avenue, 18th Floor
          New York, NY 10017